**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  99-20522

SEALED APPELLANT 1 AND SEALED APPELLANT 2,

Plaintiffs-Appellants,

VERSUS

SEALED APPELLEE,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
January 10, 2000

Before DUHÉ, BARKSDALE, and DENNIS, Circuit Judges.

DUHÉ, Circuit Judge:

Appellants challenge the district court's denial of their joint motion for return of seized items under Federal Rule of Criminal Procedure 41(e) and for a pre-indictment hearing to set aside a search warrant under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).  We dismiss each claim for lack of subject matter jurisdiction.

## BACKGROUND

Appellants are the subjects of an ongoing grand jury investigation in the Northern District of Oklahoma.  Pursuant to a search warrant issued in the Southern District of Texas, Appellees searched Appellants' offices in Houston, Texas and seized one box of records and computer files.  Appellees provided copies of all of

the seized items to the Appellants.  Appellants filed a motion in the Southern District of Texas requesting that Appellees return the seized documents and that the court hold a <u>Franks</u> hearing to determine whether the search warrant was valid.  The district court denied the motion.  Appellants appealed.

DISCUSSION

I.  RULE 41(e)

Federal Rule of Criminal Procedure 41(e) provides that:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.  The court shall receive evidence on any issue of fact necessary to the decision of the motion.  If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings.  If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

FED. R. CRIM. P. 41(e).  A party may appeal a district court's denial of a Rule 41(e) motion as a final order under 28 U.S.C. § 1291[1] only if "'the motion is solely for the return of property and is in no way tied to a criminal prosecution in esse against the movant.'"

---

[1]Although Appellants' Brief indicated that we have jurisdiction over their appeal pursuant to 28 U.S.C. § 1292(a) pertaining to certain interlocutory orders, Appellants argued in both their Reply Brief and at oral argument that this was a typographical error and that our jurisdiction is proper under 28 U.S.C. § 1291.  Accordingly, they alleged that both the denial of a Rule 41(e) motion and the denial of a motion for a <u>Franks</u> hearing are immediately appealable final orders.

In re Grand Jury Proceedings ("Uresti"), 724 F.2d 1157, 1159 (5th Cir. 1984) quoting DiBella v. United States, 369 U.S. 121, 131-32, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). We have "interpreted DiBella broadly, holding that only if the [Rule 41(e)] motion is 'a collateral attempt to retrieve property and not an effort to suppress evidence in related criminal proceedings is it appealable.'" Simons v. United States, 592 F.2d 251, 252 (5th Cir. 1979) (per curiam) quoting United States v. Glassman, 533 F.2d 262, 263 (5th Cir. 1976).

As we stated in Uresti "[t]he relevant focal point is whether or not the motion was made primarily to withhold evidence from the anticipated grand jury hearings and, therefore, not made 'solely for the return of property.'" Uresti, 724 F.2d at 1159. The trial court found and we agree that Appellants' motion is primarily intended to withhold evidence from the Oklahoma grand jury. Not only did Appellants indicate to the trial court that they were seeking suppression, but also they failed to demonstrate a business need for return of the property as Appellees provided Appellants with copies of all of the seized items. Finally, the fact that Appellants are simultaneously seeking a suppression remedy under Franks strongly suggests that this motion is not intended solely or primarily for the mere return of property. See Franks, 438 U.S. at 156 (holding that the Fourth Amendment remedy sought is suppression).

This is a suppression case. We agree with the district court that Appellants' protestations to the contrary are flimsy at best,

disingenuous at worst.  Accordingly, we dismiss Appellants' appeal of the denial of their Rule 41(e) motion for lack of subject matter jurisdiction.

II. <u>Franks</u> Hearing

Relying on the Supreme Court's decision in <u>G.M. Leasing Corp. v. United States</u>, 429 U.S. 338, 97 S. Ct. 619, 50 L.Ed.2d 530 (1977) the district court ruled that Appellants were not entitled to a <u>Franks</u> hearing since a <u>Franks</u> hearing is premature when there is no indictment or criminal case pending against the movant.  We do not reach the merits of this contention as we lack subject matter jurisdiction over Appellants' appeal.

Except in rare circumstances not applicable here, our jurisdiction is limited to final decisions of the district court. 28 U.S.C. § 1291.  For purposes of Section 1291, a decision is final only if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" <u>Cunningham v. Hamilton County</u>, ___U.S.___, 119 S.Ct. 1915, 1920, 144 L.Ed.2d 184 (1999) <u>quoting</u> <u>Van Cauwenberghe v. Biard</u>, 486 U.S. 517, 521-22, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988).  The finality requirement militates against the encouragement of piecemeal appellate review of district court decisions that do not terminate the litigation. <u>See</u> <u>United States v. Hollywood Motor Car Co.</u>, 458 U.S. 263, 265, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982).  We have noted that the finality requirement is particularly important in the context of criminal law.  <u>See</u> <u>In Re Grand Jury Proceeding</u>, 190 F.3d 375, 380 (5th Cir. 1999).  It is no less important in the pre-indictment

context of a grand jury proceeding. See id. quoting Cobbledick v. United States, 309 U.S. 323, 327-28, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

Appellants point to no authority suggesting that the denial of a pre-indictment Franks hearing is a final decision. Moreover, the Supreme Court has never even applied the collateral order exception to the finality rule in a pre-indictment setting. See id. at 383-84. We are not prepared to deviate from this course. We will not permit Appellants to obstruct the orderly progress of an ongoing grand jury proceeding by obtaining intermediate review of the denial of a pre-indictment Franks hearing. As this is not a final decision under 28 U.S.C. § 1291, we dismiss Appellants' appeal for lack of subject matter jurisdiction.

CONCLUSION

For the reasons stated above we DISMISS both of Appellants' claims for lack of subject matter jurisdiction.