# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10424
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

WENDELL S. CHISOLM,

Plaintiff-Appellant

v.

COMPLAINANT UNKNOWN, Desoto Police Officer; DESOTO POLICE DEPARTMENT; RON SMITH, Individually and In His Official Capacity as a Desoto Police Captain; DETECTIVES, NAMES UNKNOWN; COMPLAINT, NAME UNKNOWN, Individually, Desoto Detectives and Police Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4808

Before   DENNIS, SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:*

Wendell S. Chisolm appeals from the district court's order dismissing her 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  She argues that her Fourth Amendment claims and her malicious prosecution

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims are not time barred.  She also moves for leave to proceed in forma pauperis (IFP) on appeal.

By moving to proceed IFP on appeal, Chisolm is challenging the district court's certification that her appeal is frivolous and not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); § 1915(a)(3).  This court may authorize Chisolm to proceed IFP on appeal if she demonstrates that she is a pauper and that her appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  This court's inquiry into the litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  If the appeal is frivolous, this court may dismiss it sua sponte.  *Baugh*, 117 F.3d 202 n.24; 5TH CIR. R. 42.2.

Chisolm's Fourth Amendment claims accrued more than four years before she filed suit.  *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accordingly, her claims were time barred.  *See Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  Chisolm's reliance on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), is misplaced.  The record contains no evidence that Chisolm was ever prosecuted or convicted of any offense; therefore, *Heck* does not apply.

Chisolm's challenge to the dismissal of her state-law malicious prosecution claim is likewise unavailing.  *See Pete v. Metcalfe*, 8 F.3d 214, 219 (5th Cir. 1993).  Chisolm has failed to make the requisite showing under *Pete*. Therefore, she has not demonstrated that the district court abused its discretion by dismissing this claim as frivolous.  *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

No. 14-10424

Chisolm has failed to show that her appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). Her IFP motion is therefore denied, and her appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS.