# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

No. 19-40144

Kerry Max Cook,

*Plaintiff—Appellee Cross-Appellant,*

*versus*

City of Tyler, Texas; Eddie Clark; Eric Liptak;
Robert Bond; Gerald Hayden; Nelson Downing;
Fred Mayo; Kenneth Findley; Ronald Scott,

*Defendants—Appellants Cross-Appellees,*

Smith County, Texas; Robert Wickham; J. B. Smith,

*Defendants—Cross-Appellees.*

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-333

Before Davis, Jones, and Willett, *Circuit Judges.*

Per Curiam:

This appeal and cross-appeal stem from a judgment dismissing Plaintiff Kerry Cook's 42 U.S.C. § 1983 claims unless and until Cook satisfies the conditions of *Heck v. Humphrey*, 512 U.S. 477 (1986). In an

No. 19-40144

unusual turn of events, Defendants appeal a district court's order that preceded the district court's dismissal and denied, in part, their motions for summary judgment. Even more unusual—these Defendants sought the dismissal from which they now appeal. Appellee Cook contends that the district court did not issue a final decision, and therefore this court lacks subject-matter jurisdiction. We agree with Cook and DISMISS the appeal.[1]

Plaintiff filed this § 1983 claim to recover damages suffered from a series of alleged wrongful prosecutions, convictions, and imprisonment. But because Cook's conviction has yet to be formally terminated in his favor, his causes of action concerning serious official misconduct have not yet accrued and will not begin to accrue until the Texas Court of Criminal Appeals ("TCCA") vacates his conviction and the State dismisses the indictment against him.[2] *Heck*, 512 U.S. at 489–90. Accordingly, the district court dismissed Cook's suit using the following language: "the above-styled civil action is DISMISSED WITH PREJUDICE to the claims being asserted again until the *Heck* conditions are met, per *Johnson*, 101 F.3d at 424." As relevant here, our jurisdiction under 28 U.S.C. § 1291 extends only to "final decisions" of the district courts. The first question we must answer is whether the district court's order dismissed the case with or without prejudice.

In *Johnson v. McElveen*, we explained that this kind of dismissal "do[es] not preclude a later claim meeting the preconditions for suit." 101 F.3d 423, 424 (5th Cir. 1996). That is, a *Heck* dismissal is a dismissal without prejudice. *See, e.g., Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir.

---

[1] Dismissing this appeal necessarily disposes of the issues raised by the Defendants in their opening brief.

[2] Our holding is on narrow, jurisdictional grounds only and should not be construed as ruling on the statute of limitations or other issues raised by the Appellants.

1998) (en banc). In *Johnson*, we "modified" a district court's order dismissing the case with prejudice "to be without prejudice." 101 F.3d at 424. In doing so, we explained that "[a] preferred order of dismissal would read: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Id.* This language appears nearly verbatim in the district court's order. Following these authorities, this court has repeatedly modified orders dismissing with prejudice cases that implicate a plaintiff's conviction to become dismissals without prejudice using *Johnson*'s preferred language. *See, e.g., DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007). District courts have likewise employed *Johnson*-style dismissals to non-prejudicially dispose of cases. *See, e.g., Moore v. Fite*, 2012 WL 37601, at *4 (E.D. Tex. Jan. 6, 2012). *Johnson*'s language suffices because it offers the caveat that plaintiffs may reassert their claims upon satisfying the *Heck* conditions but may not otherwise develop the claims "until" those conditions are met. The caveat qualifies the finality of the dismissal. Understanding this point, the district court acknowledged that its order "does not prevent Cook from bringing these claims once the '*Heck* conditions are met.'"

We next consider whether the dismissal constitutes a final decision and conclude that it does not. "For purposes of Section 1291 a decision is final only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Sealed Appellant 1 v. Sealed Appellee*, 199 F.3d 276, 278 (5th Cir. 2000) *citing Cunningham v. Hamilton County*, 527 U.S. 198, 119 S. Ct. 1915, 1920 (1999). Courts have held that certain dismissals without prejudice on the basis of conditions that can be corrected are not final. *See e.g., Vargo v. Stumacher*, 125 F.3d 846 (2d Cir. 1997) ("It is well settled in this Circuit that an order dismissing a complaint with leave to replead is not a final order within the meaning of 28 U.S.C. § 1291."); *Gacho v. Butler*, 792 F.3d 732, 735-36 (7th Cir. 2015) (holding that a dismissal

without prejudice that "expressly left the door open to reviving the federal case when the state proceedings concluded" was "nonfinal and thus not appealable under § 1291 because it explicitly contemplates the court's continuing involvement in the case")(internal citations omitted). The *Johnson* dismissal here is of that sort.

Distinguishable from such cases are *Heck* dismissals that have been deemed final and appealable because the issue was whether, in fact, the plaintiff's pleadings implicated *Heck*. *See, e.g., Young v. Nickols*, 413 F.3d 416 (4th Cir. 2005). In *Young*, the plaintiff had not challenged his underlying revocation of probation, and the district court dismissed his claim based on *Heck*. The court of appeals found finality, however, to decide the question whether *"Heck* requires a state prisoner to have his criminal judgment or sentence set aside before he is allowed to bring a Section 1983 action seeking damages . . . for illegal extradition." *Id*. at 418. Other *Heck* dismissals are considered final because the appeal seeks review of the threshold question whether *Heck* even applies. *DeLeon* is one such example, in which this court was asked to determine "whether a deferred adjudication in Texas is a 'sentence or conviction' for the purposes of *Heck*." 488 F.3d at 652.

No uncertainty plagues the dismissal here, which the defendants themselves predicated on *Heck*. The district court noted that Cook is awaiting vacatur of his conviction by the TCCA and stated that Cook was free to bring his claims once the *Heck* conditions are met. That is, litigation on the merits is not over because Cook expects to satisfy the *Heck* conditions soon and may resubmit his claims thereafter. Because the dismissal of plaintiff's claims does not prevent him from re-filing the same or similar claims at a later date, the district court's judgment was not a final decision. We lack jurisdiction to hear the appeal or cross-appeal. **DISMISSED**.