# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2021

Lyle W. Cayce
Clerk

No. 20-20594

Barry Gross; BillCutterz, L.L.C.,

*Plaintiffs—Appellees*,

*versus*

Keen Group Solutions, L.L.C.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2632

Before Jones, Smith, and Haynes, *Circuit Judges*.
Edith H. Jones, *Circuit Judge*:

Keen Group Solutions, L.L.C. ("KGS") appeals from an order denying its motion for satisfaction of judgment pursuant to Fed. R. Civ. Pro. 60(b)(5) and granting Appellees' order to compel post-judgment discovery. Because this court lacks appellate jurisdiction, we DISMISS.

## BACKGROUND

BillCutterz, L.L.C. ("BillCutterz") and Keen Group Solutions, L.L.C. ("KGS") are in the "bill reduction business." Barry Gross is the President and sole member of BillCutterz. In January 2015, KGS and

No. 20-20594

BillCutterz entered into a License Agreement providing KGS with a license to offer and sell BillCutterz's services and intellectual property to KGS clients.

Three features of the License Agreement are relevant here. The parties agreed to arbitrate their disputes. The Agreement's compensation clause entitles BillCutterz to royalties and commissions calculated as a percentage of KGS's revenue. The third embodies the term of the Agreement, providing that it automatically renews for successive five-year periods until "terminated by either Party for 'cause.'" The "for cause" conditions are enumerated.

In 2017, a dispute arose regarding unpaid commissions and royalties. BillCutterz won the dispute in arbitration. The arbitrator ordered KGS to pay BillCutterz all unpaid commissions and royalties through December 31, 2017, and all royalties and commissions from January 1, 2018 "for the duration of the License Agreement." In other words, the arbitration award provided both retrospective relief (relief through December 31, 2017) and prospective relief (relief from January 1, 2018 "for the duration of the License Agreement").

BillCutterz filed suit in district court seeking confirmation of the arbitration award. KGS moved to dismiss the petition and vacate or modify the arbitration award. The district court denied both of KGS's requests with a reasoned opinion and entered a final judgment confirming the arbitration award in all respects. KGS continued to resist this outcome by filing numerous unsuccessful motions and an unsuccessful appeal to this court pertaining to the arbitration award. After a long battle, KGS finally acquiesced and paid the retrospective relief and at least part of the prospective relief (through December 6, 2018).

The parties continued to disagree, however, whether this payment satisfied KGS's liability in full, or whether there was unsatisfied liability

No. 20-20594

regarding the prospective relief—specifically, whether the arbitration award's order entitles BillCutterz to ongoing compensation under the License Agreement and whether KGS incurred (and perhaps diverted) revenue after December 6, 2018.

KGS filed a Rule 60(b)(5) motion seeking relief from the judgment on the basis that it had satisfied the judgment in full.[1] KGS argued that it fully satisfied all obligations under the License Agreement through December 6, 2018 and that it ceased operating on December 6, 2018. Further, with no more revenue coming in, KGS had purported to terminate the License Agreement by providing written notice to KGS.[2] KGS contended that its conclusory assertions about ceasing operations and terminating the License Agreement entitled it to an order of satisfaction of judgment.

KGS additionally sought "protection" from post-judgment discovery under Rule 26(c). If granted, this request would have thwarted BillCutterz's repeated attempts to obtain discovery regarding the circumstances around asset transfers made by KGS and whether, by virtue of such transfers, KGS was functionally still in business.

BillCutterz vigorously opposed the Rule 60(b)(5) motion and moved to compel discovery. It disagreed that KGS could unilaterally terminate the License Agreement and argued that the judgment had not been satisfied because no royalties were paid after December 6, 2018. BillCutterz denied that KGS went out of business, expressing suspicion that KGS was fraudulently attempting to circumvent its obligations under the License

---

[1] Fed. R. Civ. Pro. 60 (b) states that, "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged . . . ."

[2] In March 2020, over a year after KGS supposedly "ceased operating," KGS sent a letter to BillCutterz purporting to terminate the License Agreement. But the letter cited none of the "for cause" grounds for termination provided in that Agreement.

No. 20-20594

Agreement. Specifically, it suspected that KGS was still operating and earning revenue under another trade name.

Rather than simply providing the repeatedly requested discovery, KGS asked the district court to assume KGS's conclusions, reject BillCutterz's suspicions out of hand, and grant its Rule 60(b)(5) motion. The district court refused KGS relief.[3] In a short order, the court denied KGS's motion for relief from judgment and granted BillCutterz's motion to compel discovery. KGS appealed.

## DISCUSSION

Before this court may reach the merits of an appeal, it has an independent duty to evaluate appellate jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 607 (1990). Both parties argue that the district court's order is appealable, but they are incorrect. The district court's order is not a final judgment within the meaning of 28 U.S.C. § 1291.

---

[3] It is worth noting the unwavering resistance to discovery that KGS has demonstrated for a year and a half. In 2019, BillCutterz served KGS with a subpoena duces tecum and notice of its intention to take a deposition. KGS objected to this discovery. KGS's counsel informed BillCutterz that "I am instructing my client to not appear at my office on [the date provided in the notice of deposition]. Please do not show up with a court reporter, videographer, etc. to attempt to set up a bogus sanctions motion." BillCutterz's counsel responded that "we are willing to reschedule the deposition if your client will provide convenient dates." KGS responded: "If you want to send post judgment discovery when the district court has jurisdiction that is your prerogative. And we will timely object and respond to any such requests in accordance with the rules. However, we are not required to respond to informal email requests." Then again, on January 2, 2020, BillCutterz's attorney emailed KGS's attorney and asked for "convenient dates for a post judgment deposition of the corporate representative of Keen?" In response, KGS offered to provide certain limited information, and noted that "there is no need for postjudgment discovery." BillCutterz's attorney replied: "Since your client refuses to provide the financial information required to calculate royalties and commissions, my client will not agree to dispense with post judgment discovery, although I hope that it will not be necessary." Then, in the motion at issue on this appeal, KGS asked the district court to "protect" it from post-judgment discovery. This request was denied.

"For purposes of Section 1291 a decision is final only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Cook v. City of Tyler, Texas*, 974 F.3d 537, 539 (5th Cir. 2020) (quoting *Sealed Appellant 1 v. Sealed Appellee*, 199 F.3d 276, 278 (5th Cir. 2000)). The district court here still has a number of issues to resolve before it can order or deny execution of judgment, as evidenced by the very order challenged by KGS, which mandated further discovery. This appeal is premature.

Most of the time, to be sure, Rule 60(b) orders denying relief are final and appealable because "Rule 60(b) motions ordinarily are made only after the district court has disposed completely of the subject litigation." *Kerwit Med. Prod., Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 836 (5th Cir. 1980); *Woodham v. Am. Cystoscope Co. of Pelham, N.Y.*, 335 F.2d 551, 554 (5th Cir. 1964). But this is not so when unresolved matters remain pending in the district court. *Kerwit*, 616 F.2d at 835–36 (holding that an ongoing contempt proceeding rendered the denial of the Rule 60(b) motion non-final). Where there is no "effective termination[] of district-court proceedings," a denial of a Rule 60(b) motion is not final for purposes of 28 U.S.C. § 1291. *Id.* at 835.[4] The same logic applies to *grants* of Rule 60(b) motions, which are also considered interlocutory and non-appealable. *See, e.g.*, *Parks By & Through Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985) (recognizing that such an order "merely vacates the judgment and leaves the case pending for further

---

[4] The dissent attempts to distinguish *Kerwit*, but the factual and legal differences are irrelevant to the finality or non-finality of an order denying a Rule 60(b) motion. There is no case law cited to support the dissent's view, perhaps because the overriding principle is that "a decision is final *only if* it 'ends the litigation on the merits and *leaves nothing* for the court to do but execute the judgment.'" *Cook v. City of Tyler, Texas,* 974 F.3d 537, 539 (5th Cir. 2020) (emphasis added) (quoting *Sealed Appellant 1 v. Sealed Appellee,* 199 F.3d 276, 278 (5th Cir. 2000)).

determination" and thus "the order is akin to an order granting a new trial and is interlocutory and nonappealable" (internal quotations omitted)).

The district court's order denying relief under Rule 60(b)(5) and compelling discovery impliedly acknowledged a number of factual and legal contentions yet to be decided. These include the effectiveness of KGS's purported termination of the License Agreement; whether KGS did in fact cease operating, and, if so, when; and whether KGS transferred assets into other entities to avoid this judgment. KGS asks us to decide these issues on a record that is barren because KGS has consistently avoided discovery of disputed facts. It is not our role to find facts on appeal, especially under the circumstances presented here.

The parties suggest that the district court's challenged order is "final" because it issued another order stating that "[t]he case is on appeal and has been closed." But this order indicates nothing more than an administrative closure. It is well established that administrative closures cannot serve as the basis for appellate jurisdiction. *See Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 808 (5th Cir. 2020) ("The effect of an administrative closure is no different from a simple stay, which district courts often use to remove from their pending cases suits which are temporarily active elsewhere . . . . The court's order staying and administratively closing the case . . . was nonfinal for purposes of appellate review." (quotations omitted)); *Mire v. Full Spectrum Lending Inc.,* 389 F.3d 163, 167 (5th Cir. 2004); *S. Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004).[5]

---

[5] For the first time on appeal, BillCutterz urged that the pending issues should be submitted to arbitration pursuant to the License Agreement. This untimely argument is forfeited. We take no position on whether its request can be renewed in the district court.

No. 20-20594

In sum, pending discovery and adjudication based on such discovery of whether KGS has fully satisfied the arbitration award, there is no final judgment for this court to consider. Indeed, this is the type of "piecemeal . . . appeal[]" that "undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106, 130 S. Ct. 599, 605 (2009).

For the foregoing reasons, we DISMISS.

No. 20-20594

HAYNES, *Circuit Judge*, dissenting:

I respectfully dissent. The majority opinion concludes that we lack appellate jurisdiction to decide this case because the district court's order was not a final judgment under 28 U.S.C. § 1291.[1] However, the district court obviously thought it had sufficient information to deny the Rule 60(b) motion, therefore it must have concluded that KGS had *not* satisfied the judgment. That determination itself *is* a final judgment.[2] The mere fact that additional discovery may be ordered does not, without more explanation,

---

[1] Relying on our decision in *Kerwit Medical Products, Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833 (5th Cir. 1980), the majority opinion reasons that there is no finality due to "unresolved matters" still pending in the district court.

The majority opinion overstates the reasoning of *Kerwit* and incorrectly applies it to the case at hand. In *Kerwit*, we concluded that the denial of a Rule 60(b) motion to vacate a consent decree was not final for the purposes of § 1291 (although we ultimately decided the merits of the case under § 1292). We reached that conclusion because the consent decree had been violated prior to the Rule 60(b) motion, and the district court still needed to decide the appropriate relief for an alleged violation of the underlying judgment in a contempt proceeding. *See id.* at 835. The present case is different in several material respects: (1) *Kerwit* involved injunctive relief, not money damages; (2) in *Kerwit*, the district court had concluded that the decree had been violated *before* the filing of the Rule 60(b) motion, which is not the case here; and (3) *Kerwit* did not involve a Rule 69 motion for discovery related to the execution of the judgment. Based on these facts, these two cases are readily distinguishable: *Kerwitt* in no way suggests that post-judgment discovery bars an appeal of the underlying judgment. Perhaps that is why both sides in this case have asserted that this court has jurisdiction over the district court's denial of the Rule 60(b) motion, both in their original briefs and in supplemental briefing filed in response to our request.

[2] Notably, this is *not* a situation where the district court orders discovery but waits to grant Rule 60(b) relief *based on* that discovery. Here, the district court denied the Rule 60(b) motion *and* granted post-judgment discovery. The discovery order, therefore, does not affect the finality of the Rule 60(b) denial.

undermine or impair this final judgment.[3]  Because the majority opinion reaches a contrary conclusion, I respectfully dissent.

---

[3] Indeed, additional discovery would not be necessary if the district court determined that the judgment had, in fact, been satisfied.