# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2022

Lyle W. Cayce
Clerk

No. 21-20475

Spring Branch Independent School District,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

O. W., by next friend Hannah W.,

*Defendant—Appellee/Cross-Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2643

Before Stewart, Willett, and Oldham, *Circuit Judges*.

Per Curiam:*

Having reviewed the record and briefs, we order this appeal dismissed for lack of jurisdiction. The district court's decision on appeal considered the parties' arguments and concluded by remanding the proceedings to an administrative officer to determine an appropriate compensatory award. At the end of the decision, the district court explicitly ordered that "this case be

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20475

ADMINISTRATIVELY CLOSED." It also stated that "[i]f either party decides to appeal the [administrative officer's] determination, that party may move to reinstate the case on the court's active docket."

Neither party raises jurisdiction as an issue in this case. Indeed, both parties assert that this court has jurisdiction pursuant to 28 U.S.C. § 1291. However, "[o]ur court has an independent duty to examine the basis of its jurisdiction." *Feld Motor Sports, Inc. v. Traxxas, L.P.*, 861 F.3d 591, 595 (5th Cir. 2017). Under § 1291, our jurisdiction "extends only to 'final decisions' of the district courts." *Cook v. City of Tyler*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam). This court has held that administrative closures do not meet this finality requirement. *See Gross v. Keen Grp. Sols., L.L.C.*, 18 F.4th 836, 840 (5th Cir. 2021) ("It is well established that administrative closures cannot serve as the basis for appellate jurisdiction." (citations omitted)); *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004) ("[W]e hold that administratively closing a case is not a dismissal or final decision."). This is especially so here where the district court expressly provides that the parties can move to reopen the case on its active docket. *See Sentry Select Ins. Co. v. Ruiz*, 770 F. App'x 689, 690 (5th Cir. 2019) (per curiam) ("By administratively closing the case, the district court retains jurisdiction, meaning it can 'reopen the case—either on its own or at the request of a party—at any time.' '[R]eservation of jurisdiction . . . precludes appellate jurisdiction because an order framed this way is not a final judgment.'" (citations and quotations omitted)). We thus lack jurisdiction to review this appeal.