# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2024

Lyle W. Cayce
Clerk

_____

No. 22-30819
_____

Brock P. Boudreaux; Khaled A. Barake; Kiel D. Crabtree;
Christopher J. Lindley; Leonard Rabin; Et al.,

*Plaintiffs—Appellants*,

*versus*

Schlumberger Technology Corporation,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CV-2267

_____

Before Stewart and Richman, *Circuit Judges*, and Hanks, *District Judge*.[*]

Per Curiam:[**]

This case involves a wage dispute between Schlumberger Technology Corporation (Schlumberger) and employees who argue they were misclassified as exempt from the Fair Labor Standards Act (FLSA). Despite nearly ten years of litigation, the district court has neither entered a final

_____

[*] District Judge for the Southern District of Texas, sitting by designation.

[**] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judgment nor certified this appeal for our review. We therefore dismiss this appeal for want of jurisdiction.

## I

In 2014, Brock Boudreaux and Khaled Barake filed a collective action complaint under the FLSA to recover unpaid wages on behalf of similarly situated employees for Schlumberger. The district court conditionally certified two collective actions under 29 U.S.C. § 216(b), one for Schlumberger's Operators and another for the company's Directional Drillers.[1] In 2019, the Operators reached a settlement agreement with the company, resulting in the dismissal of their claims with prejudice. The claims asserted by the Directional Drillers remained.

The central question underlying the dispute—but not relevant to the disposition in this appeal—is whether the Directional Drillers are "highly compensated employees" exempt from the FLSA.[2] In March 2022, the district court concluded Schlumberger's compensation structure satisfied the salary-basis test because the compensation was calculated "on a weekly, or less frequent basis" in accordance with 29 C.F.R. § 541.602(a). The district court, therefore, determined the Directional Drillers were exempt from the FLSA and granted summary judgment in favor of Schlumberger.

Shortly thereafter, Schlumberger moved to decertify the collective action and dismiss the opt-in plaintiffs. The magistrate judge issued a report and recommendation advising the district court to grant the decertification.

---

[1] At the time the employees filed their collective action claim, our court permitted, but did not explicitly endorse, a two-step approach to collective action certification. *See Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021) (rejecting conditional certification).

[2] *See* 29 C.F.R. § 541.601(a).

No. 22-30819

In doing so, the magistrate judge concluded the opt-in plaintiffs were not "similarly situated" as required by § 216(b). After adopting the report and recommendation, the district judge granted the motion to decertify the collective action and dismissed the opt-in plaintiffs. The Directional Drillers, including the opt-in plaintiffs, immediately appealed the decertification order.

## II

Before we can proceed to the merits of this appeal, we must examine whether we have jurisdiction to do so.[3] Our court is one of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute."[4] "We have authority to hear appeals from 'final decisions' of the district courts under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, nonfinal judgments certified as final under [Federal Rule of Civil Procedure] 54(b), or some other nonfinal order or judgment to which an exception applies."[5] The burden of establishing appellate jurisdiction rests on the party asserting it.[6]

The Directional Drillers make two arguments in favor of our court's jurisdiction: (1) the decertification order is a "final decision" under § 1291 and (2) the district court certified this appeal for our review under Rule 54(b). Because the decertification order is neither final, nor certified, we conclude that our court lacks appellate jurisdiction.

---

[3] *See Williams v. Seidenbach*, 958 F.3d 341, 343 (5th Cir. 2020) (en banc).

[4] *Kokkonen v. Guardian Life Ins., Co. of Am.*, 511 U.S. 375, 377 (1994).

[5] *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999).

[6] *See Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

No. 22-30819

## A

Under § 1291, our court may review "all final decisions of the district courts."[7]  A decision is considered "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[8]  Put differently, a final decision occurs when "a district court disassociates itself from a case."[9]  As we recently explained in our en banc decision, *Williams v. Seidenbach*,[10] "adjudication as to only some parties or only some claims 'does not end the action' and is thus not, by itself, a final judgment."[11]

By its own terms, the decertification order is an interlocutory order that resolves fewer than all the claims presented in this case.  The order adjudicates one issue—collective action certification—and does not address any party aside from the opt-in plaintiffs.  Although the district court ostensibly has resolved all other issues related to the opt-in plaintiffs, the court has not entered a final judgment to "end the action"[12] and "disassociate[] itself from [the] case."[13]  In fact, one week before filing this appeal, the Directional Drillers objected to a proposed final judgment offered by Schlumberger.  Accordingly, the decertification order does not constitute a "final decision" as that term is used in § 1291.

---

[7] 28 U.S.C. § 1291.

[8] *Cook v. City of Tyler*, 974 F.3d 537, 539 (5th Cir. 2020).

[9] *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995).

[10] 958 F.3d 341 (5th Cir. 2020) (en banc).

[11] *Id.* at 348-49.

[12] Fed. R. Civ. P. 54(b).

[13] *Swint*, 514 U.S. at 42.

No. 22-30819

**B**

The Directional Drillers next contend that our court has appellate jurisdiction because the district court "intend[ed] to have nothing further to do" with their case. This argument principally relies on Rule 54(b). Under that provision, our court may hear an appeal from a decision that "adjudicates fewer than all the claims" when the district court makes a determination that there is no just reason for delay.[14]

Although Rule 54(b) requires the district court to "expressly"[15] certify partial judgments as final and appealable, our court has "placed a gloss on [the rule's] language."[16] In *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*,[17] we explained:

> If the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's *unmistakable intent* to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable. We do not require the judge to mechanically recite the words "no just reason for delay."[18]

Our precedent illustrates that there is no "magical language" required to create an appealable judgment under Rule 54(b).[19] The only requirement is

---

[14] Fed. R. Civ. P. 54(b).

[15] *Id.*

[16] *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999).

[17] 908 F.2d 1218 (5th Cir. 1990) (en banc) (per curiam).

[18] *Id.* at 1220 (emphasis added).

[19] *Id.* (quoting *Crowley Maritime Corp. v. Panama Canal Comm'n*, 849 F.2d 951, 953 (5th Cir. 1988)).

that the district court's intent be "unmistakable."[20] That intent must appear from the order itself or from the documents referenced in the order.[21] We cannot "speculate on the thought process of the district judge."[22]

"Proper consideration of [Rule 54(b)] requires the district court to act as a dispatcher, and to weigh a variety of factors to determine whether [its] disposition is appropriate for Rule 54(b) certification."[23] This ensures the district court considers the concerns that underlie "the historic federal policy against piecemeal appeals."[24] As such, we have said that "Rule 54(b) assigns to the district court the duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'"[25]

In this case, the only portion of the record referenced by the decertification order is the magistrate judge's report and recommendation. Therefore, the decertification order or the report and recommendation must demonstrate, in some form, an unmistakable intent by the district court to make its decision final and appealable.

The decertification order and report and recommendation address one issue—whether the Directional Drillers can proceed as a collective action. They do not expressly mention Rule 54(b) or otherwise contemplate

---

[20] *Briargrove Shopping Ctr. Joint Venture*, 170 F.3d at 539.

[21] *See id.*

[22] *Id.*

[23] *Id.* at 540 (internal citations and quotations omitted).

[24] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

[25] *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

certification of the issue. Moreover, they do not discuss any substantive policy concerns surrounding Rule 54(b) certification. Nevertheless, the Directional Drillers contend that the district court's use of the term "Judgment" in the decertification order demonstrates the requisite intent. We disagree. In *Briargrove Shopping Center Joint Venture v. Pilgrim Enterprises, Inc.*,[26] we observed that "label[s] [do] not indicate any intent by the district court that the order should be immediately appealable."[27] Likewise, in *Witherspoon v. White*,[28] we held that the mere act of labeling an order as a "Final Judgment" is insufficient to show that the district court intended to certify the order under Rule 54(b).[29] Accordingly, the district court's use of the term "Judgment," standing alone, does not make the order final and appealable.

The Directional Drillers further contend that a more recent order by the district court provides the unmistakable intent required for Rule 54(b) certification. That order, issued in August 2023 after the notice of appeal was filed, states: "[the district court] has already issued its ruling and subsequently decertified the class action, which matter is currently on appeal to the Fifth Circuit."[30] While our court may look to subsequent orders granting certification under Rule 54(b), those orders must still reflect the district court's unmistakable intent to enter a partial final judgment.[31]

---

[26] 170 F.3d 536 (5th Cir. 1999).

[27] *Id*. at 540.

[28] 111 F.3d 399 (5th Cir. 1997).

[29] *Id*. at 401.

[30] ECF LAWD 6:14-CV-2267, 686 (August 2023 Order).

[31] *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir. 1997) (noting "[w]e have previously recognized that a premature notice of appeal is effective if Rule 54(b) certification is subsequently granted"); *but see Jackson v. Cruz*, 852

No. 22-30819

The August 2023 Order neither references Rule 54(b) nor makes an "express[] determin[ation] that there is no just reason for delay."[32]  Instead, the order denies the Directional Drillers' motion for status conference and summarizes the current state of the litigation.[33]  Accordingly, nothing in the record indicates an intent by the district court to certify the decertification order as appealable under Rule 54(b).  The order is not a partial final judgment, and our court does not have appellate jurisdiction.

\*     \*     \*

For the foregoing reasons, the appeal is DISMISSED for want of jurisdiction.

---

F. App'x 114, 116 (5th Cir. 2021) (per curiam) (unpublished) (holding subsequent order did not grant certification because "the district court did not discuss any substantive concerns surrounding a Rule 54(b) certification in [the order]").

[32] Fed. R. Civ. P. 54(b); ECF LAWD 6:14-CV-2267, 686 (August 2023 Order).

[33] ECF LAWD 6:14-CV-2267, 686 (August 2023 Order).