# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2025

Lyle W. Cayce
Clerk

————————

No. 25-50260

————————

Michael Kleinman; MMK Holdings, L.P.; AusPro
Enterprises, L.P.,

*Plaintiffs—Appellants*,

*versus*

City of Cedar Park,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-527

———————————————————————

Before Smith, Stewart, and Haynes, *Circuit Judges*.

Carl E. Stewart, *Circuit Judge*:

Appellants Michael Kleinman, AusPro Enterprises, L.P. ("AusPro"), and MMK Holdings, L.P. ("MMK") challenge the constitutionality and validity of the City of Cedar Park's (the "City") ordinance banning "head shops" in city limits. Kleinman and AusPro faced criminal fines pursuant to the ordinance, but subsequently invoked their state court right to a trial de novo, which deprived the municipal court's "judgment of any finality." *State v. Campbell*, 820 S.W.2d 44, 45 (Tex. App.—Austin 1991, pet. ref'd) (citation omitted). That litigation remains ongoing.

No. 25-50260

Based on the municipal court's initial imposition of criminal fines, the district court in this matter determined that all Kleinman, AusPro, and MMK's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and granted summary judgment for the City. Because Kleinman and AusPro do not have outstanding convictions sufficient to trigger *Heck*, we REVERSE the district court's *Heck* dismissals and REMAND for further proceedings. We AFFIRM the district court's dismissal of Appellants' standalone water termination claim only.

## I

## A

In late 2021, Appellants opened a Planet K store in Cedar Park, Texas. The Planet K store in Cedar Park sells rolling papers, hand and water pipes, vape cartridges and pens, and various CBD-related items and devices, as well as a variety of other merchandise ranging from hula hoops to toiletries. Pipes used for smoking or inhaling constitute about 20% to 25% of Planet K's revenue. AusPro owns the commercial property, and MMK leases the property to operate the store. Kleinman is a limited partner of both AusPro and MMK.

Several years before the Planet K Cedar Park location opened, the City enacted a zoning ordinance that prohibits "head shops" from operating within the City's zoning districts. The ordinance defines head shops as, *inter alia*, retail stores that sell products commonly used to ingest or inhale illegal substances. City of Cedar Park, Tex., Code of Ordinances § 11.09.001. On December 3, 2021, a City Code Compliance Officer notified Kleinman and AusPro (the property owners) that their operation of Planet K violated the City's ordinance prohibiting head shops. The notice stated that if Planet K was still being operated as a head shop in two weeks, the City could issue a citation and charge them with a misdemeanor.

2

No. 25-50260

Despite the notice, Planet K continued its operations. On December 17, 2021, the City sent another notice. Several days later, a City Code Compliance Officer filed criminal complaints against Kleinman and AusPro in municipal court for violating the head shop ordinance. City of Cedar Park, Tex., Code of Ordinances § 11.01.032 (using building in violation of zoning ordinances). MMK was not charged.

On January 27, 2023, the municipal court entered judgment against Kleinman and AusPro. Kleinman and AusPro then appealed their convictions, invoking their right to a trial de novo in the Williamson County Court at Law. *See* Tex. Code Crim. Proc. art. 44.17. Kleinman and AusPro also filed a pretrial petition for writ of habeas corpus challenging the constitutionality of the criminal complaint. *Kleinman v. State*, 706 S.W.3d 391, 394 (Tex. App.—Austin 2024). The county court at law denied relief. *Id.* at 398. The Austin Court of Appeals affirmed without reaching the merits, holding that neither Kleinman nor AusPro was "restrained" such that habeas relief was available. *Id.* On appeal, the Texas Court of Criminal Appeals reversed and remanded for the Austin Court of Appeals to consider the claims on the merits. *Ex parte Kleinman*, 721 S.W.3d 400, 402 (Tex. Crim. App. 2025). That litigation remains ongoing.

**B**

Meanwhile, on May 31, 2022, Appellants filed suit in federal court in the Western District of Texas, alleging that the City's head shop ordinance is preempted by Texas state law, and violates the United States and Texas Constitutions. Appellants argue that the ban is overbroad and vague in violation of the Fourteenth Amendment to the United States Constitution and the Due Course of Law provision of the Texas Constitution. They also argue that the ordinance deprives them of equal protection, in violation of both the United States and Texas Constitutions. The complaint seeks only

No. 25-50260

declaratory and injunctive relief. It does not seek any relief related to the criminal penalties against Kleinman and AusPro.

Presented with cross-motions for summary judgment, the district court determined that all Appellants' claims regarding the ordinance's constitutionality and validity were *Heck*-barred and dismissed the claims without prejudice.[1] Appellants timely appealed.

## II

In its brief, the City contests our jurisdiction to resolve this appeal, arguing that "a *Heck*-based dismissal without prejudice is not a final, appealable order under 28 U.S.C. § 1291." However, our precedent plainly provides that while not all *Heck* dismissals are final appealable orders, "*Heck* dismissals are considered final [when] the appeal seeks review of the threshold question [of] whether *Heck* even applies." *Cook v. City of Tyler*, 974 F.3d 537, 540 (5th Cir. 2020) (per curiam). The issue here is whether *Heck* applies. Counsel for the City conceded as much during oral argument. Therefore, we are satisfied that we have jurisdiction.

In reviewing the district court's judgment, we review its application of *Heck* de novo. *See Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. 2019).

## III

### A

"In *Heck*, the Supreme Court held that a state prisoner seeking monetary damages cannot proceed under [section] 1983 if success on those

---

[1] The district court also addressed what it viewed as a standalone equal protection claim regarding the City's termination of utility services to the Planet K store. It held that Appellants did not meet their burden of showing that the termination was unconstitutional, and granted the City summary judgment on that claim. Appellants deny bringing any standalone claim regarding the termination of utility services. *See infra* IV.

4

claims would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Colvin v. LeBlanc*, 2 F.4th 494, 497 (5th Cir. 2021) (quoting *Heck*, 512 U.S. at 486–87, 490). Since then, *Heck*'s application has been extended to other section 1983 actions where success on those claims would necessarily undermine the plaintiff's conviction or sentence. *See id.* at 497–98. This is because "[c]laims that implicate the fact or duration of confinement are challengeable exclusively by writ of habeas corpus." *Id.* at 497.[2]

However, *Heck* does not apply where there is no underlying conviction. *Hoog-Watson v. Guadalupe Cnty.*, 591 F.3d 431, 435 (5th Cir. 2009); *Chisolm v. Complainant Unknown*, 597 F. App'x 807, 808 (5th Cir. 2015) ("The record contains no evidence that [the plaintiff] was ever prosecuted or convicted of any offense; therefore, *Heck* does not apply."). And the Supreme Court has "refused to extend *Heck*'s application to pending criminal matters." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)). In *Wallace*, the Court noted that, in a situation where a plaintiff files an action "before he has been convicted . . . , it is within the power of the district court . . . to stay the civil action until the criminal case or the likelihood of a criminal case is ended." 549 U.S. at 393–94. Then, if he "is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394.

---

[2] The question of whether *Heck* "bars [section] 1983 claims seeking purely prospective relief where the plaintiff has been punished before under the law challenged as unconstitutional" has been accepted by the Supreme Court in *Olivier v. City of Brandon*, No. 24-993, 145 S. Ct. 2871 (2025). The Court heard oral argument in that matter on December 3, 2025.

No. 25-50260

State criminal law and procedure supply the necessary components of a "*Heck* triggering" conviction or proceeding. *See Hoog-Watson*, 591 F.3d at 435 (looking to Texas criminal law and procedure to determine whether the proceeding was "civil" and therefore outside the reach of *Heck*, or "criminal" and therefore subject to *Heck*'s favorable termination requirement); *DeLeon*, 488 F.3d at 652 ("This appeal turns on whether a deferred adjudication in Texas is a 'sentence or conviction' for the purposes of *Heck*."). Therefore, the threshold question is whether Kleinman's and AusPro's prosecutions are pending criminal matters. Because Kleinman and AusPro were charged in Texas, we look to Texas law for the answer.

**B**

Article 44.17 of the Texas Code of Criminal Procedure provides that appeals from municipal courts that are not courts of record "shall be de novo in the trial in the county court, the same as if the prosecution had been originally commenced in that court." Such an appeal "sets aside and annuls the order of the court or body from which the appeal is taken." *State ex rel. State Bd. of Morticians v. Cortez*, 333 S.W.2d 839, 841 (Tex. 1960). An appeal and invocation of the right to a trial de novo deprives the municipal court's "judgment of any finality." *Campbell*, 820 S.W.2d at 45. The appeal begins a new trial "as if no former trial ha[s] been had." *Ex parte Jones*, 81 S.W.2d 706, 707 (Tex. Crim. App. 1935); *see also McIntosh v. Watts*, 5 S.W.2d 1003, 1005 (Tex. App.—Waco 1928, no writ).

The City argues that our precedent and Texas law "say otherwise," that is, that a criminal judgment is not annulled by the invocation of the right to a trial de novo. But its offered authorities do nothing to further that argument. To the contrary. In *Cortez*, a case cited by the City, the Supreme Court of Texas explained that the invocation of the right to a de novo trial "sets aside and annuls the order of the court . . . from which the appeal is

6

taken—in the absence of some saving clause in the language of an act." 333 S.W.2d at 841. That rule "is well settled." *Id.* at 841. The City also cites *DeLeon*, a case in which this court held that deferred prosecutions under Texas law trigger a *Heck* bar. 488 F.3d at 656. But in so holding, that panel specifically stated that "the . . . argument[] that *Heck* applies to deferred adjudication orders issued *in ongoing state criminal proceedings*[] lacks merit." *Id.* at 655 (emphasis added).

Based on Texas state law and our existing precedent, we hold that Kleinman's and AusPro's prosecutions are pending criminal matters. Thus, neither Kleinman nor AusPro has an outstanding criminal conviction that triggers *Heck*. Our reading is corroborated by the Texas Court of Criminal Appeals' ruling, which stated that Kleinman and AusPro "have yet to be finally convicted of their fine-only offenses." *Ex parte Kleinman*, 721 S.W.3d at 411. A final conviction is necessary to trigger *Heck*. Whether the purported convictions have been favorably terminated is irrelevant because there are no outstanding convictions at this time. And because the district court erred in holding that Kleinman's and AusPro's claims were *Heck*-barred, it necessarily erred in holding that MMK's claims were also *Heck*-barred due to its relationship with those parties.

No. 25-50260

In sum, because Kleinman's and AusPro's prosecutions are ongoing, there is no final conviction, and *Heck* cannot yet apply.[3] The district court erred in applying the *Heck* bar to Kleinman, AusPro, and MMK's claims. Ordinarily, this would require a stay pending the resolution of Kleinman's and AusPro's criminal cases. However, in this case, the district court did not reach the City's alternative argument for dismissal below, which may warrant further consideration upon remand.

## IV

On appeal, the City notes that the district court dismissed Appellants' standalone equal protection claim regarding the City's termination of utility services to the Planet K store. Kleinman, AusPro, and MMK explicitly disclaim any intent to raise an independent equal protection claim regarding the termination of utility services. To the extent any such claim was brought, it is now forfeited. *See United States v. Hernandez*, 279 F.3d 302, 307 (5th Cir. 2002). Therefore, we will not disturb the district court's dismissal of that claim.

## V

For the foregoing reasons, we AFFIRM the judgment of the district court as to the water termination claim only. In all other respects, we

---

[3] We decline to reach the issue of whether the district court's application of *Heck* to Kleinman and AusPro's claims for prospective relief was proper. However, given that MMK was never charged, the district court's application of *Heck* to MMK's claims was improper. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a [section] 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of *his conviction or sentence* . . . . [I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment *against the plaintiff*, the action should be allowed to proceed, in the absence of some other bar to the suit." (emphases added) (footnote omitted)).

No. 25-50260

REVERSE and REMAND for further proceedings consistent with this decision.