IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2008

Charles R. Fulbruge III
Clerk

No. 08-30087
Summary Calendar

CLAYTON ANTHONY WALKER, Individually and as the Administrator of
the Estate of Breanna Nicole Walker on behalf of Breanna Nicole Walker

Plaintiff–Appellant

v.

RUSS MUNSELL, Officer; DAVID HOOTER, Officer; RODNEY WALKER,
Officer

Defendants–Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-867

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In the early morning of November 3, 2006, Appellant Clayton Anthony
Walker ("Appellant") was pulled over by an officer of the Denham Springs Police
Department for failure to use a turn signal. According to Appellant, the officer
approached the vehicle, requested that he exit the vehicle, and asked for his
license and registration. When Appellant turned around to reach for the glove

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

compartment, the officer allegedly struck him from behind and maced him in the face. After other officers arrived on the scene, Appellant contends that the officers beat him, causing substantial injuries. During the altercation, one officer instructed Appellant to stop resisting arrest, to which Appellant responded that he was not resisting.

The Appellee officers, however, contest these allegations. According to Appellees, after Appellant pulled over, he took off and ran into the woods. The officer who pulled Appellant over then chased Appellant and ultimately apprehended him. Thereafter, the officers later arriving on the scene attempted to handcuff Appellant but were unable to do so because Appellant was resisting arrest. Ultimately, one of the officers maced Appellant in the face and handcuffed him.

On November 13, 2006, Appellant filed suit against the Appellee officers in federal court pursuant to 42 U.S.C. § 1983, alleging causes of action for unreasonable search and seizure and excessive force, malicious prosecution, cruel and unusual punishment, and failure to provide medical care. Subsequently, in July of 2007, Appellant was convicted in a Louisiana state court on three counts of resisting an officer and one count of failure to signal.

Based on Appellant's state court convictions, on October 1, 2007, the district court granted summary judgment in favor of Appellees on the excessive force and malicious prosecution claims pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).[1] The district court stated: "The [Appellant's] excessive force and

---

[1] Heck provides:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

malicious prosecution claims are hereby dismissed with prejudice until the Heck conditions are satisfied." Walker v. Munsell, No. 3:06-CV-867, 2007 WL 3377202, at *5 (M.D. La. Oct. 1, 2007). Appellant now appeals.[2]

Appellant first asserts that the district court erred by failing to find that Appellees waived their Heck defense by not pleading it as an affirmative defense in their answer. A Heck defense, however, is not waived by failure to plead it as an affirmative defense and can be brought by motion at trial. See Watson v. New Orleans City, 275 F.3d 46, 2001 WL 1268716, at *3 (5th Cir. Oct. 16, 2001) (finding that the defendant did not waive her Heck defense by failing to plead it as an affirmative defense).[3]

Appellant next asserts that the district court's application of Heck was erroneous because a favorable judgment in his suit would not necessarily invalidate his conviction for failure to signal or for resisting arrest. See Heck, 512 U.S. at 487 ("But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . .") (footnote omitted). Rather, Appellant asserts that his civil rights claim can coexist with his conviction for resisting arrest, as he can show that he resisted a lawful arrest and that the officers used excessive force to effectuate that arrest. Appellant's claim, however, is not that the officers used excessive

---

512 U.S. at 486-87 (footnote omitted).

[2] On July 24, 2007, the district court granted summary judgment in favor of Appellees on Appellant's claim of cruel and unusual punishment. Appellant does not contest this ruling on appeal. Furthermore, Appellant voluntarily dismissed his failure to provide medical care claim after the district court declined to certify its dismissal of Appellant's excessive force claim for interlocutory appeal.

[3] Watson arrives at this conclusion by finding that "waivers of defenses based on grounds rooted in considerations of state sovereignty are applied less harshly than other waivers." 275 F.3d 46, 2001 WL 1268716, at *3.

force after he stopped resisting or to stop his resistance; his claim is based solely on his assertions that he did not resist arrest, did nothing wrong, and was attacked by the Appellee officers for no reason. Thus, Appellant's suit "squarely challenges the factual determination that underlies his conviction for resisting an officer," and if he prevails, "he will have established that his criminal conviction lacks any basis." Arnold v. Town of Slaughter, 100 F. App'x 321, 324-25 (5th Cir. 2004). This type of excessive force claim is, therefore, the type of claim that is barred by Heck in our circuit. Id.; see also DeLeon v. City of Corpus Christi, 488 F.3d 649, 656-57 (5th Cir. 2007) (holding that Heck barred Appellant's excessive force claim where his complaint maintained that he did not resist arrest and did nothing wrong and provided no alternative pleading or theory of recovery).

Third, Appellant argues that Heck does not apply because he was fined and not imprisoned following his conviction, and he consequently had no opportunity to challenge his conviction on habeas review. This circuit, however, has determined that Heck's bar applies to both custodial and non-custodial § 1983 plaintiffs. Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000).

Finally, Appellant contends that the district court abused its discretion in refusing to certify its dismissal of his excessive force claim for immediate appeal under Federal Rule of Civil Procedure 54(b). This argument is wholly without merit.

AFFIRMED.