# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2021

Lyle W. Cayce
Clerk

No. 19-30888

JAMES L. COLVIN,

*Plaintiff—Appellant*,

*versus*

JAMES LEBLANC, *Secretary of Corrections*; BRANDI LEFEAUX, *Corrections Specialist*; CAROLYN WADE, *Records Clerk*; ROBERT TANNER, *Warden*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-10962

Before WIENER, ELROD, and HIGGINSON, *Circuit Judges*.
WIENER, *Circuit Judge*:

Plaintiff-Appellant James Colvin appeals the dismissal of § 1983 claims based on allegations that Defendants-Appellees illegally extradited him from Pennsylvania to Louisiana and impermissibly extended his state sentence by thirty years. We affirm the dismissal of the sentence-based claims, but reverse and remand with respect to the extradition-based claims.

No. 19-30888

## I. Background

Following a jury conviction in 1983, a Louisiana state court sentenced Colvin to eighty years in prison.[1] In 1986, he escaped from the Louisiana State Penitentiary at Angola. He was recaptured by federal authorities in California a few months later and was subsequently charged with and convicted of federal crimes, for which he was sentenced to new, lengthy terms of imprisonment. Colvin alleges that Louisiana never filed a detainer when he entered federal custody.

Colvin was paroled from federal prison in 2004. After robbing a bank, he was sentenced to a new term of imprisonment and incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). When he was released in 2016, Louisiana Department of Public Safety and Corrections ("DPSC") officials returned him to Louisiana, where he was imprisoned at the Elayn Hunt Correctional Center ("EHCC"). Colvin alleges that DPSC claimed custody of him pursuant to a letter sent by Defendant LeFeaux, a DPSC corrections specialist, to BOP authorities at USP Lewisburg, rather than via valid detainer.

While at EHCC, Colvin filed an Administrative Remedy Procedure, requesting immediate release and credit for time served in federal custody. Although his request for release was denied, Colvin claims that a records supervisor at EHCC changed the release date on his Master Prison Record from January 1, 2052, to January 1, 2023, to "properly credit[] [his state sentence] with the thirty years [he] spent in federal custody." But, when Colvin was transferred to Rayburn Correctional Center ("RCC"), Carolyn Wade, a records clerk, reverted his release date to 2052 on the grounds that

---

[1] *See State v. Colvin*, 452 So. 2d 1214, 1217 (La. Ct. App. 1984).

No. 19-30888

Colvin had stopped serving his state sentence when he escaped from Angola and that his state and federal sentences were intended to run consecutively.

Colvin filed a petition in state court against James LeBlanc, DPSC Secretary; Brandi LeFeaux, a corrections specialist; Carolyn Wade, RCC Records Clerk; and Robert Tanner, RCC Warden. He sought monetary damages from these defendants for the (1) "unconstitutional interruption" of his federal sentence and his "illegal extradition" from federal custody to Louisiana; and (2) "artificial [thirty-year] extension" of his state sentence. Interpreting the lawsuit as raising constitutional claims under § 1983, Defendants removed the case to federal court.

Defendants moved to dismiss the case, contending that they were immune from suit and that Colvin's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they challenged the validity and duration of his detention. A Magistrate Judge concluded that dismissal was appropriate because (1) LeFeaux and Wade are not "persons" capable of being sued under § 1983, and (2) Colvin's claims were barred by *Heck.* The district court adopted the report and recommendation in full over Colvin's objections and dismissed the case.[2]  Colvin appealed.[3]

---

[2] As Colvin indicated a desire to dismiss LeBlanc and Tanner in his opposition to Defendants' motion to dismiss, the district court dismissed the claims against those two defendants under Rule 41(a)(2), and those against LeFeaux and Wade under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and Rule 12(b)(6).

[3] On appeal, a panel of this court ordered that counsel be appointed for Colvin. Following the submission of court-ordered supplemental briefing, Colvin's counsel moved to withdraw from the case. The motion was granted, so Colvin once again proceeds *pro se*.

## II. Standard of Review

Section 1915(e)(2)(B) of the Prison Litigation Reform Act requires that a district court dismiss a case taken *in forma pauperis* "at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."[4] This court reviews dismissals based on the failure to state a claim under § 1915(e)(2)(b) *de novo*, as it does dismissals under Federal Rule of Civil Procedure 12(b)(6).[5] In doing so, this court takes "the facts alleged in the complaint as true and view[s] them in the light most favorable to" the plaintiff.[6] *Pro se* pleadings such as Colvin's must be liberally construed.[7]

## III. Analysis

On appeal, Colvin contends that *Heck* neither deprives the court of subject matter jurisdiction nor bars his ability to state a claim. He also contends the district court erred in concluding that (1) LeFeaux and Wade were entitled to qualified immunity, (2) Wade was absolutely immune from suit, and (3) Colvin's extradition-based claims had prescribed. Because the primary issues on appeal concern the application of *Heck v. Humphrey*, we first discuss that case and its progeny.

### A. *Heck v. Humphrey*

In *Heck*, the Supreme Court held that a state prisoner seeking monetary damages cannot proceed under § 1983 if success on those claims would "necessarily require the plaintiff to prove the unlawfulness of his

---

[4] 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

[5] *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

[6] *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).

[7] *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017).

conviction or confinement."[8] Claims that implicate the fact or duration of confinement are challengeable exclusively by writ of habeas corpus.[9]

Pursuant to *Heck*, procedural challenges may be, but are not necessarily, actionable under § 1983. For example, in *Wolff v. McDonnell*, the Court held that a prisoner could challenge the validity of prison procedures that resulted in a loss of good time credits because he sued prison officials for "using the wrong *procedures*, not for reaching the wrong *result*," and never alleged that "using the wrong procedures necessarily vitiated the denial of good-time credits."[10] But in *Edwards v. Balisok*, the Court applied the *Heck* bar to a prisoner's § 1983 challenge to the deprivation of good-time credits because the alleged procedural defect—that a biased hearing officer had denied him the opportunity to present exculpatory evidence at a disciplinary hearing—if true, would require the reinstatement of good-time credits and thus change the duration of his incarceration.[11] Under *Edwards*, therefore, "the nature of the challenge to the *procedures* could be such as necessarily to imply the invalidity of the judgment."[12]

---

[8] 512 U.S. at 486–87, 490 (holding that plaintiff's claims related to prosecutorial misconduct were barred because success on those claims would necessarily call into question the validity of his conviction).

[9] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that because the prisoners sought the restoration of good time credits—and consequently speedier release—their claims implicated the duration of their confinement such that their sole remedy was by writ of habeas corpus).

[10] *Heck*, 512 U.S. at 482–83 (discussing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974)) (emphasis added).

[11] 520 U.S. 641, 646–47 (1997).

[12] *Id.* at 645 (emphasis added).

No. 19-30888

### 1. Subject Matter Jurisdiction

In his original brief on appeal, Colvin framed the primary issue as whether *Heck* serves as a jurisdictional bar to the federal court's involvement in this case.[13]  Although his counsel appears to have abandoned this argument in a supplemental brief, "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal."[14]

We have routinely characterized a *Heck* dismissal as one for failure to state a claim,[15] but district courts in this circuit have occasionally characterized *Heck* as a jurisdictional doctrine.[16] We have also, at least once, affirmed a *Heck* dismissal granted for lack of subject matter jurisdiction.[17] We therefore take this opportunity to reiterate that *Heck* does not pose a jurisdictional bar to the assertion of § 1983 claims.

---

[13] In addition to determining whether subject matter jurisdiction exists, we must assure ourselves of our appellate jurisdiction. *See Waller v. Hanlon*, 922 F.3d 590, 597 (5th Cir. 2019). Because the question presented is whether Colvin's pleadings implicate *Heck*, appellate jurisdiction is appropriate. *See Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539–40 (5th Cir. 2020) (holding that a *Heck* dismissal is final and appealable when "the issue was whether . . . the plaintiff's pleadings implicated *Heck*," or "whether *Heck* even applies").

[14] *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[15] *See, e.g.*, *Clay v. Allen*, 242 F.3d 679, 680 (5th Cir. 2001); *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[16] *See, e.g.*, *Walker v. Munsell*, No. 3:06-CV-867, 2007 WL 3377202, at *2 (M.D. La. Oct. 1, 2007) (noting that *Heck* "closely resembles a jurisdictional barrier" (quoting *Quintana v. Gates*, No. 2:00-CV-7166, 2004 WL 1661540, *5 (C.D. Cal. 2004))), *aff'd*, 281 F. App'x 388 (5th Cir. 2008); *Churchill v. Whitaker*, No. 3:05-CV-1530, 2005 WL 3534208, at *1–*2 (N.D. Tex. Dec. 9, 2005) (granting motion to dismiss for lack of subject matter jurisdiction on basis of *Heck*); *Norris v. Warder*, No. 3:02-CV-412-P, 2002 WL 31415920, at *2 (N.D. Tex. Oct. 21, 2002) (noting that *Heck* posed "probable jurisdictional issues").

[17] *Perez v. Texas*, 779 F. App'x 277, 277–78 (5th Cir. 2019) (unpublished) (characterizing *Heck* as "requiring dismissal of § 1983 actions for lack of jurisdiction").

No. 19-30888

*Heck* discussed the scope of § 1983 claims, not subject matter jurisdiction.[18] It based its holding on the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," and analyzed when and how a § 1983 cause of action accrues.[19] By its own language, therefore, *Heck* implicates a plaintiff's ability to state a claim, not whether the court has jurisdiction over that claim. We therefore hold that *Heck* does not present a jurisdictional hurdle that would require a remand of this case to state court.[20]

### 2. Failure to State a Claim

Pursuant to *Heck*, the primary question here is whether success on Colvin's claims would necessarily implicate the validity of his conviction or confinement.[21] The Magistrate Judge characterized Colvin's claim as only

---

[18] *See* 512 U.S. at 486 (analogizing § 1983 claims to common law cause of action for malicious prosecution).

[19] *Id.* at 486, 489–90.

[20] This reading comports with the Seventh Circuit, which has held that "[t]he *Heck* doctrine is not a jurisdictional bar." *Polzin v. Gage*, 636 F.3d 834, 837 (7th Cir. 2011). Other circuits, often in unpublished cases or in dicta, have suggested the same. *See, e.g.*, *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) ("Although the District Court characterized its order as a dismissal for lack of subject matter jurisdiction, the *Heck* bar is not jurisdictional."); *Payton v. Ballinger*, 831 F. App'x 898, 901 (10th Cir. 2020) (affirming *Heck* dismissal for failure to state a claim). This view is not shared by the First Circuit, where "[w]hether *Heck* bars § 1983 claims is a jurisdictional question that can be raised at any time during the pendency of litigation." *O'Brien v. Town of Bellingham*, 943 F.3d 514, 529 (1st Cir. 2019). And the Eleventh Circuit's approach is unclear, having recently endorsed both approaches. *Compare Teagan v. City of McDonough*, 949 F.3d 670, 678 (11th Cir. 2020) (noting that "the Supreme Court's own language suggests that *Heck* deprives the plaintiff of a cause of action—not that it deprives a court of jurisdiction" but noting that it has not "definitively answered that question"), *with Dixon v. Hodges*, 887 F.3d 1235, 1237 (11th Cir. 2018) (per curiam) (calling *Heck* a rule that "strips a district court of jurisdiction in a § 1983 suit").

[21] 512 U.S. at 486.

No. 19-30888

involving the miscalculation of his release date, but Colvin actually challenges two independent acts: (1) the "artificial enhancement" of his sentence, and (2) his illegal extradition.

### a. Sentence Enhancement

Colvin claims that Wade, a records clerk at RCC, violated Colvin's constitutional rights by "arbitrarily increasing his release date by 29 years." In the district court and in his opening brief on appeal, Colvin characterized the alleged violation as Wade's failure to credit Colvin's state sentence with the thirty years he spent in federal custody. In a supplemental brief, however, he describes the issue as "whether Ms. Wade improperly applied the Louisiana statute governing double good time credit to Mr. Colvin's state sentence."

Even if we were to consider Colvin's new characterization of this claim,[22] we would affirm its dismissal under *Heck*. Colvin maintains that he should be released in 2023, not 2052, and challenges the methodology used to calculate his release date. Regardless of whether Colvin challenges the application of good time credit or the failure to credit his state sentence with federal time served, his claim ultimately challenges a single issue: the duration of his state sentence. A claim for speedier release is actionable by writ of habeas corpus,[23] and a §1983 damages action predicated on the sentence calculation issue is barred by *Heck* because success on that claim would necessarily invalidate the duration of his incarceration.

---

[22] *See LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").

[23] *See Preiser*, 411 U.S. at 500.

No. 19-30888

b. Illegal Extradition

Colvin also contends that LeFeaux, a DPSC corrections specialist, violated Colvin's constitutional rights by returning him to Louisiana without a valid detainer and without complying with federal and state extradition laws.[24] However, the district court never analyzed whether Colvin's extradition-based claims were barred by *Heck*.

We "sit[] as a court of review, not of first view,"[25] so the question whether Colvin's extradition-based claims survive *Heck* is one the district court should have considered in the first instance. This question may be deceptively tricky, since it will require consideration not only of whether *Heck* applies to Colvin's extradition-based claims, but also of whether these claims, based on alleged violations of rights protected by specific federal and state laws, are actionable under § 1983.[26]

---

[24] Defendants contend that Colvin waived this argument by failing to object to the district court's omission in his objection to the report and recommendation. It is true that in his objection, Colvin focused primarily on the "artificial enhancement" of his sentence, but he also clearly asserted that LeFeaux "knew, or should have known, as part of her job that an extradition warrant is required." Although the fact that he made this argument when discussing qualified immunity rather than the *Heck* bar could conceivably constitute waiver, our obligation to construe *pro se* pleadings liberally excuses this oversight.

[25] *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (quoting *United States v. Vicencio*, 647 F. App'x 170, 177 (4th Cir. 2016)).

[26] *See, e.g.*, *Harden v. Pataki*, 320 F.3d 1289, 1293, 1297 (11th Cir. 2003) (holding that rights provided by state extradition laws are actionable under § 1983 when "the violation of state law causes the deprivation of rights protected by the Constitution and statutes of the United States" and concluding that petitioner's extradition-based claims survived *Heck* because "extradition *procedures*, even if they violate federal rights, have no bearing, direct or implied, on the underlying guilt or innocence of the person extradited" (quoting *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986))).

B. Qualified Immunity, Absolute Immunity, and Prescription

*Heck* aside, Colvin also challenges the conclusions that (1) LeFeaux and Wade were entitled to qualified immunity; (2) Wade was entitled to absolute immunity; and (3) Colvin's claims against LeFeaux had prescribed. We consider each challenge in turn.

The district court never ruled on Defendants' qualified immunity defense—rather, it concluded that LeFeaux and Wade were not "persons" capable of being sued under § 1983 and that this provided an "independent basis for the dismissal" of Colvin's claims. That analysis, undisputedly appropriate for *official* capacity claims, is incomplete here because Colvin clearly indicates in his various filings that he sued LeFeaux and Wade in their *individual* capacities—a position that the district court never addressed. Whether LeFeaux and Wade are entitled to qualified immunity is a question for the district court to consider on remand.

The district court's absolute immunity ruling, raised *sua sponte* in a footnote, is premature. Absolute immunity generally protects judicial officers from civil suits "arising out of acts performed in the exercise of their *judicial* functions,"[27] but not their "administrative, legislative, or executive functions."[28] "Officials whose responsibilities are 'functionally comparable' to those of a judge are also absolutely immune from damages liability."[29] In granting absolute immunity here, the district court relied exclusively on a single case that involved *parole officers* engaged in "the exercise of their

---

[27] *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (emphasis added).

[28] *Davis v. Tarrant Cnty.*, 565 F.3d 214, 221 (5th Cir. 2009) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1998)).

[29] *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995).

decision-making power."[30] The district court failed to engage in a functional analysis of Wade's responsibilities as a *records clerk*. We therefore remand this issue to the district court with instructions to consider Wade's absolute-immunity defense after discovery has been completed as to the nature of her role at DPSC and in the instant offense.

The same is true for the district court's limitations ruling. Section 1983 suits against Louisiana state officials are subject to a one-year prescription period that begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[31] But the record does not reflect *when* Colvin discovered the alleged invalidity of the detainer. Furthermore, the defendants concede that fact-specific questions about the suspension of prescription while an inmate exhausts administrative remedies further complicate this case. The prescription issue was not clear from the face of the pleadings, so that issue should be considered anew with the benefit of discovery and adversarial briefing if the claim survives the *Heck* bar on remand.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's holding that Colvin's sentence-based claims are barred by *Heck*, but we REMAND the case for consideration of whether his extradition-based claims independently state a claim under § 1983. We also vacate the district court's rulings that Colvin's extradition-based claims are prescribed and that Defendant Wade is entitled to absolute immunity.

---

[30] *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

[31] *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)).