# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2022

Lyle W. Cayce
Clerk

No. 20-30738

CHRISTOPHER MARLOWE,

*Plaintiff—Appellee*,

*versus*

JAMES M. LEBLANC, *Secretary, Department of Public Safety and Corrections*; RAMAN SINGH, *Doctor*; PAM HEARN, *Doctor*; TIMOTHY HOOPER, *Warden*; STEPHANIE MICHEL, *Deputy Warden*; MORGAN LEBLANC, *Assistant Warden*; DARRYL CAMPBELL, *Assistant Warden*; PREETY SINGH, *Doctor*; GAIL LEVY; FALLON STEWART; JONATHAN TRAVIS; ANGEL HORN, *Master Sergeant*; ROLANDA PALMER, *Master Sergeant*; CHERMAINE BROWN, *Sergeant*; CHAMEKA JOHNSON, *Sergeant*; STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; JOHN MORRISON,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-cv-63

Before HIGGINBOTHAM, HIGGINSON, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Christopher Marlowe sued prison officials for violating his rights. The district court denied some of those officials qualified immunity. We vacate the denials and remand for further consideration.

## I.

Marlowe developed significant health problems while imprisoned in Louisiana, and he was eventually diagnosed with diabetes. He filed this lawsuit in 2018, alleging (among other things) that prison officials had misdiagnosed, neglected to treat, and incorrectly treated his diabetes. His complaint asserted various causes of action against many defendants, including both governmental entities and natural persons—some in their personal capacities and some in their official capacities. Marlowe sought declaratory and injunctive relief, along with damages.

The defendants filed a collective motion to dismiss. Relevant here, some of the defendants asserted qualified immunity as an affirmative defense. In the course of ruling on the motion to dismiss as a whole, the district court denied qualified immunity to some of those defendants. The defendants immediately appealed those denials of qualified immunity.

## II.

A district court's denial of a motion to dismiss on qualified immunity grounds is a final decision under 28 U.S.C. § 1291. It is therefore immediately appealable. *See Lincoln v. Barnes*, 855 F.3d 297, 300–01 (5th Cir. 2017); *see also id.* at 300 (elaborating on the limits of this review). That is true even in cases, like this one, where the district court's denial of qualified immunity

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

was either inadequately reasoned or implicit. *See Zapata v. Melson*, 750 F.3d 481, 484 (5th Cir. 2014) ("[W]e have repeatedly held that a district court's order that declines or refuses to rule on a motion to dismiss based on a government officer's defense of qualified immunity is an immediately appealable order."). Our review is *de novo. Lincoln*, 855 F.3d at 300–01.

When a district court's analysis of an issue is not sufficiently reasoned for this court to review, we may remand for further consideration. *Cf. Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005) ("[W]e are a court of review, not of first view."). Accordingly, in *Colvin v. LeBlanc*, 2 F.4th 494 (5th Cir. 2021), we remanded after the district court "never ruled on [the] [d]efendants' qualified immunity defense" at all. *Id.* at 500; *see also Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) ("But the district court found the complaint deficient on its face and never reached QI. Because, as a general rule, we do not consider an issue not passed upon below, we remand for the district court to decide in the first instance whether QI defeats Peña's proposed amended complaint." (quotation omitted)). We have also remanded in cases where district courts deny qualified immunity without following the procedures set forth in binding precedents. *See, e.g.*, *Zapata*, 750 F.3d at 484–86 (vacating and remanding because, though it had identified and ruled on the issue, "the district court did not follow the careful procedure [for deciding whether to defer a qualified immunity ruling in cases where further factual development might be necessary] set forth in" controlling precedents).

Those precedents squarely cover this case. We will therefore vacate and remand for further consideration. *See id.* To facilitate the proceedings on remand, we briefly explain the relevant qualified immunity questions for each defendant or group of defendants.

We begin with EMT Fallon Stewart. The first question is (a) whether Stewart violated a clearly established right. *See, e.g.*, *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining qualified immunity applies "unless," among other things, the defendant violated a "right [that] was clearly established at the time of the challenged conduct" (quotation omitted)); *see also Crostley v. Lamar Cnty.*, 717 F.3d 410, 422 (5th Cir. 2013) (Plaintiffs "must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." (quotation omitted)). In considering that question, the court must (b) "frame the constitutional question with specificity and granularity." *Morrow v. Meachum*, 917 F.3d 870, 874–75 (5th Cir. 2019); *see also id.* (explaining that the right to be free from unreasonable seizures is too general); *al-Kidd*, 563 U.S. at 742 ("We have repeatedly told courts . . . not to define clearly established law at a high level of generality." (citation omitted)). With the question thus framed, the court should (c) inquire whether "existing precedent . . . place[s] the statutory or constitutional question"—here, whether Stewart violated Marlowe's rights—"beyond debate." *Id.* at 741. And finally, the court should (d) be sure to apply the modified motion-to-dismiss standard that governs in the context of qualified immunity. *See Jackson v. City of Hearne*, 959 F.3d 194, 201 (5th Cir. 2020) (A "plaintiff must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a [qualified immunity] defense with equal specificity." (quotation omitted)).

Second is a group of defendants: Master Sergeant Angel Horn, Master Sergeant Rolanda Palmer, Sergeant Chermaine Brown, and Sergeant Chameka Johnson. As an initial matter, the qualified immunity analysis for these defendants follows the same four guidelines described above as (a)–(d). Further, (e), the inquiry should be conducted for each defendant individually, not on a group-wide basis. *See Darden v. City of Fort Worth*, 880

F.3d 722, 731 (5th Cir. 2018) ("In cases where the defendants have not acted in unison, qualified immunity claims should be addressed separately for each individual defendant." (quotation omitted)); *Joseph v. Bartlett*, 981 F.3d 319, 325 & n.7 (5th Cir. 2020) ("To the extent [*Darden*] could be read as suggesting that collective analysis is appropriate for defendants acting in unison, we don't read it that way.").

Third and finally is the group the district court termed "Supervisor Defendants." This group includes seven defendants. The operative complaint names Dr. Raman Singh, Dr. Pam Hearn, and Dr. John Morrison in their official capacities only. It names the other four Supervisor Defendants (Dr. Preety Singh, Warden Timothy Hooper, Deputy Warden Stephanie Michel, and Assistant Warden Morgan LeBlanc) in both their official and personal capacities. The same guidelines (a)–(e) apply to these defendants. In addition, (f), the court should carefully disaggregate all personal-capacity claims from official-capacity claims, analyzing them accordingly. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 394–95 (5th Cir. 2009) (explaining the distinction between personal- and official-capacity claims and that qualified immunity applies to the former).

For the foregoing reasons, the judgment of the district court is VACATED. The case is REMANDED for further proceedings in accordance with this opinion.