# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2022

Lyle W. Cayce
Clerk

No. 21-20603
Summary Calendar

Kenneth Sowell,

*Plaintiff—Appellant*,

*versus*

Estelle Medical Department,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3114

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Kenneth Sowell, an inmate in custody of the Texas Department of Criminal Justice, brought a Section 1983 suit against the Estelle Medical Department for being deliberately indifferent to his serious medical needs.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20603

The district court dismissed the complaint with prejudice as legally frivolous and for failure to state a claim.  We AFFIRM.

Sowell alleges he slipped and fell in the shower when his knee gave out in August 2018.  He alleges that, because of the fall, he suffered a severe injury to his neck.  He contends he sent a "sick call" to the Estelle Medical Department to report his injuries and request a provider.  Despite his call, he alleges he was not seen by a provider for 33 days.  When he was finally seen, the nurse practitioner gave him pain medication but did not physically examine him.  The nurse practitioner requested a cervical spine magnetic resonance imaging examination, but the test was not performed.

Sowell filed suit, proceeding *in forma pauperis*, under 42 U.S.C. § 1983 against the Estelle Medical Department.  He alleges the defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to see him, then later treat him, in a timely manner.  He also alleges the Estelle Medical Department violated the Americans with Disabilities Act by failing to treat his injuries.  He seeks compensatory damages and unspecified injunctive relief.

Because Sowell proceeded *in forma pauperis*, the district court scrutinized the complaint to determine whether, in whole or in part, the action was frivolous, was malicious, failed to state a claim, or sought monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  The district court dismissed the complaint with prejudice as frivolous and for failure to state a claim.  Sowell timely appealed.

We give *de novo* review to the dismissal of an *in forma pauperis* prisoner civil rights suit for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).  *Colvin v. LeBlanc*, 2 F.4th 494, 497 (5th Cir. 2021); *DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019).  That means we take

"'the facts alleged in the complaint as true and view them in the light most favorable to' the plaintiff." *Colvin*, 2 F.4th at 497 (quoting *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010) (per curiam)) (alteration omitted). We review the dismissal of a complaint as frivolous under Section 1915(e)(2)(B)(i) for an abuse of discretion. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003) (per curiam). *Pro se* pleadings like Sowell's are liberally construed. *See Colvin*, 2 F.4th at 497.

Sowell argues that the district court erred by dismissing the complaint as frivolous. The district court dismissed the complaint after finding that the complaint duplicated allegations made in two pending lawsuits earlier filed by Sowell. "[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Though the district court concluded the complaint was frivolous, it did so because it concluded the complaint was malicious. Under Section 1915(e)(2)(B)(i), an *in forma pauperis* complaint may be dismissed if the action "is frivolous or malicious." We see no error in the district court's decision to dismiss.

Sowell also argues that the district court erred in concluding that his complaint failed to state a cognizable claim. The district court held that Sowell failed to establish that the only named defendant, the Estelle Medical Department, had the capacity to be sued. To have the capacity to be sued, a government department or political entity "must enjoy a separate legal existence." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quotation marks and citation omitted); *see also* FED. R. CIV. P. 17(b). Sowell does not argue, and alleges no facts from which we may infer, that the Estelle Medical Department enjoys a separate legal existence and has the capacity to be sued. The district court did not err in dismissing Sowell's claims.

No. 21-20603

We also reject Sowell's other arguments.  Because the district court did not err in concluding Sowell's complaint was malicious, it did not err in concluding that the dismissal counted as a "strike" for purposes of 28 U.S.C. § 1915(g).  Section 1915(g) applies to a complaint that is "frivolous, malicious, or fail to state a claim."  Likewise, the district court did not err in declining to grant Sowell leave to amend his complaint because it concluded that his complaint was malicious.

AFFIRMED.