# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2022

Lyle W. Cayce
Clerk

No. 22-20105
Summary Calendar

Charles Bonner,

*Plaintiff—Appellant*,

*versus*

Johnny Ray Gayle, III; Carroll E. Willborn, Jr.; Bryan Collier, *Executive Director*, *Texas Department of Criminal Justice*; Texas Department of Criminal Justice Parole Division,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3855

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Plaintiff-Appellant Charles Bonner, a former Texas state prisoner, proceeding pro se and in forma pauperis, appeals the dismissal of his 42

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20105

U.S.C. § 1983 civil rights action and the denial of his Federal Rule of Civil Procedure 59(e) motion. We affirm both rulings.

Bonner first contends that, contrary to the district court's ruling, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), does not bar him from challenging his prior convictions and parole because he is no longer in prison and his prior convictions and parole are void. This court has "routinely characterized a *Heck* dismissal as one for failure to state a claim." *Colvin v. LeBlanc*, 2 F.4th 494, 496–97 (5th Cir. 2021). Such dismissals are reviewed *de novo*, accepting the factual allegations in the complaint as true, viewing the allegations in the light most favorable to the plaintiff, and liberally construing pro se pleadings. *See id.* at 497.

Here, it is unavailing for Bonner to assert that *Heck* does not apply because he is no longer imprisoned. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (holding that a plaintiff's incarceration status has no bearing on *Heck*'s "unequivocal" requirement that the challenged conviction be overturned or otherwise invalidated). Further, Bonner's arguments do not demonstrate that his convictions or the fact or duration of his parole were reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus from a federal court. *See Heck*, 512 U.S. at 486–87.

Next, Bonner contends that the district court erred in dismissing his conspiracy claim as time-barred because his cause of action did not accrue until either he was aware of the errors in state court or when his false imprisonment ended. We are unconvinced by this argument. Even if Bonner's conspiracy claim was not time-barred, it is precluded by *Heck*. *See Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008). Bonner has failed to show that his convictions or the fact or duration of his parole were reversed, declared invalid, or called into question. We affirm the district court's dismissal of Bonner's conspiracy claim on these grounds.

No. 22-20105

Finally, Bonner contends that Rule 59(e) relief was warranted because his state court judgments were void, and *Heck* thus did not bar his claims. We review the denial of Bonner's Rule 59(e) motion for abuse of discretion. *See Advocare Int'l LP v. Horizon Lab'ys, Inc.*, 524 F.3d 679, 690–91 (5th Cir. 2008). Again, Bonner has not demonstrated that his convictions or the fact or duration of his parole were reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus from a federal court. *See Heck*, 512 U.S. at 486–87. The district court therefore did not abuse its discretion in denying Bonner's Rule 59(e) motion.

For the foregoing reasons, the rulings of the district court dismissing Bonner's § 1983 action and denying his Rule 59(e) motion are AFFIRMED.