# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2023

Lyle W. Cayce
Clerk

No. 21-30660

---

Austin Frederick,

*Plaintiff—Appellee*,

*versus*

James M. LeBlanc, Secretary, Department of Public Safety and Corrections; Angela Griffin; State of Louisiana, Through the Department of Public Safety and Corrections; Teresa Cooley; M. Lewis; D'Anna Lawton,

*Defendants—Appellants*,

_____

Austin Frederick,

*Plaintiff—Appellee*,

*versus*

State of Louisiana, Through the Department of Public Safety and Corrections; James M. LeBlanc, Secretary, Department of Public Safety and Corrections; Angela Griffin,

*Defendants—Appellants*.

No. 21-30660

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC Nos. 3:18-CV-682, 3:18-CV-780

---

Before Graves, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Austin Frederick sued various officials of the Louisiana Department of Public Safety and Corrections under 42 U.S.C. § 1983 and Louisiana state law, claiming that he was overdetained. After some litigation, the district court denied Defendants' motion for summary judgment. Defendants appealed.

Upon our review, it appears the district court misapplied the summary judgment standard in qualified immunity cases. Because the district court relied on the absence of evidence to find genuine disputes of material fact, we now conclude that we cannot adequately review the district court's ruling. Accordingly, we vacate and remand to permit the district court an opportunity to identify which facts in the summary judgment record Frederick may be able to prove at trial.

## I.

Frederick was sentenced on September 16, 2016, to one year in prison in the custody of the Louisiana Department of Public Safety and Corrections (the "Department") following his conviction for possession of cocaine. On December 3, 2016, Frederick was released on good time parole supervision. On December 26, 2016, Frederick was arrested and he was sentenced to 90 days in jail for a parole violation. On March 21, 2017, the Department

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

amended Frederick's full term date to July 16, 2017. Frederick was released to good time parole supervision on March 22, 2017.

Four days later, he was arrested on new drug charges and booked into the Jefferson Parish Correctional Center. On June 20, 2017, while still there, Frederick self-revoked his parole in the September 2016 drug case. On September 15, 2017, Frederick pleaded guilty to the new drug charges and was sentenced to time served for those offenses. That same day, he was transferred to the Winn Correctional Center ("Winn") to serve the remainder of his 2016 one-year sentence. His full-term release date was amended by the Department to October 26, 2017.

On September 25, 2017, Frederick filed a request for administrative remedy at Winn, complaining his release date had been miscalculated and he was entitled to immediate release. Winn advised Frederick that his administrative remedy grievance was forwarded to the Department, but the Department was unable to locate Frederick's grievance. Frederick was released from Winn on October 26, 2017.

On July 11, 2018, Frederick filed a § 1983 complaint against Secretary of the Department James LeBlanc; Administrative Program Director for Adult Services Angela Griffin, who was responsible for the computation of felony sentences and for the timely release of prisoners; and unknown Department employees he alleged were responsible for the calculation of prisoners' release dates.[1] Frederick alleged that he was legally entitled to be released from custody on July 16, 2017, but Defendants kept him in custody until October 26, 2017. He alleged, *inter alia*, that Defendants failed to

---

[1] Frederick also filed a civil rights complaint in the 19th Judicial District on the same date, which was subsequently removed to federal court and consolidated with the instant § 1983 case.

establish policies to prevent the overdetention of prisoners and that Defendants' conduct violated his due process rights under the federal and state constitutions. He subsequently filed an amended complaint, naming as additional defendants the Department and Department employees Teresa Cooley, Mario Lewis, and D'Anna Lawton. He alleged that Lewis and Lawton miscalculated his release dates on several occasions and that Griffin, LeBlanc, and Cooley were responsible for ensuring that the calculations were accurate.

Defendants filed a motion to dismiss arguing that Frederick's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and should be dismissed with prejudice until the *Heck* requirements were met. The individual Defendants also asserted that they were entitled to qualified immunity because Frederick failed to allege that a clearly established constitutional right was violated. The district court denied the motion.

Defendants later filed a motion for summary judgment. They again argued that Frederick's claims were barred by *Heck* and that Defendants were entitled to qualified immunity.

Frederick responded that his claims weren't *Heck*-barred because they didn't implicate the validity of his conviction or sentence and that Defendants weren't entitled to qualified immunity because he had a clearly established constitutional right to timely release, and the conduct of Defendants was objectively unreasonable.

The district court agreed that the Department wasn't a person capable of being sued under § 1983 and that there was no evidence supporting the individual capacity claims against LeBlanc, Griffin, and Cooley, but otherwise denied summary judgment. The district court rejected Defendants' argument that Frederick's claims were barred by *Heck* because Frederick wasn't seeking to invalidate his sentence. The district court also

No. 21-30660

determined that Defendants weren't entitled to qualified immunity because Frederick had a clearly established right to timely release from prison, and Frederick demonstrated a violation of that right.

Defendants appealed, arguing both that Frederick's claims are *Heck*-barred and that they are entitled to qualified immunity.

## II.

This appeal presents three issues: (1) whether we have jurisdiction to hear Defendants' qualified immunity and *Heck* arguments on interlocutory appeal; (2) whether the Defendants were entitled to qualified immunity; and (3) whether Frederick's claims are *Heck*-barred. We consider each in turn.

## A.

We start with jurisdiction. Frederick contends this court lacks jurisdiction to hear Defendants' qualified immunity and *Heck* challenges to the district court order on interlocutory appeal. We disagree.

"Ordinarily, we do not have jurisdiction to review a denial of a summary judgment motion because such a decision is not final within the meaning of 28 U.S.C. § 1291." *Williams v. City of Yazoo*, 41 F.4th 416, 421 (5th Cir. 2022) (quotation omitted). "But under the collateral order exception to the final judgment rule, we may hear interlocutory appeals of the small category of decisions that, although they do not end the litigation, must nonetheless be considered final because they would be effectively unreviewable on appeal from final judgment." *Id.* (quotation omitted). Here both the qualified immunity and *Heck* challenges fall within the exception.

We have jurisdiction to review the qualified immunity challenges, though the scope of our review is limited. "District court orders denying summary judgment on the basis of qualified immunity are immediately appealable and reviewed *de novo* only if they are predicated on conclusions of

law and not genuine issues of material fact." *Solis v. Serrett*, 31 F.4th 975, 980 (5th Cir. 2022) (quotation omitted). We only have jurisdiction to review "whether the factual disputes identified by the district court are material to the denial of qualified immunity—that is, whether the factual disputes viewed in favor of the plaintiff make out a violation of clearly established law." *Poole v. City of Schreveport*, 13 F.4th 420, 423 (5th Cir. 2021). And so, our jurisdiction is limited to determining whether, viewing factual disputes in the light most favorable to Frederick, the appellants violated clearly established law. *See Williams*, 41 F.4th at 422; *Poole*, 13 F.4th at 423.

We also have jurisdiction to hear the *Heck* challenge. Admittedly, our caselaw has been "inconsistent" regarding whether we have jurisdiction to address *Heck* issues on interlocutory appeal. *Poole*, 13 F.4th at 426. But we've reaffirmed that, under our circuit's rule of orderliness, precedent establishing "that a district court's 'denial of summary judgment is reviewable . . . if the claim is barred by *Heck*'" controls. *Id.* (quoting *Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999) (per curiam)). Accordingly, we can review the district court's decision not to apply the *Heck* bar notwithstanding the interlocutory posture.

Because we have jurisdiction, we proceed to the merits.

**B.**

"The doctrine of qualified immunity protects officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation omitted). "A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659

F.3d 440, 445 (5th Cir. 2011). We are free to decide which prong of the qualified immunity analysis to address first. *See Pearson*, 555 U.S. at 242.

We proceed to review the district court's analysis on the second prong. For the purposes of this appeal, we assume the broad right of inmates to be timely released from prison is clearly established. *See Porter*, 69 F.3d at 445 ("Our precedent establishes that a jailer has a duty to ensure that inmates are timely released from prison."). The objectively unreasonable in light of clearly established law standard is not "that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is . . . that in light of pre-existing law the unlawfulness must be apparent." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation omitted). The critical consideration is fair warning. *See id.* at 739–41.

At summary judgment the burden is normally on the movants to show "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But when, as here, "public official[s] make[] a good-faith assertion of qualified immunity, that alters the usual summary-judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 329–30 (5th Cir. 2020) (quotations omitted). Once the burden is on the plaintiff, "[t]he plaintiff must show that there is a genuine dispute of material fact and that a jury could return a verdict entitling the plaintiff to relief for a constitutional injury." *Id.* at 330.

Because both steps of the qualified immunity analysis are questions of law, "[w]hen the district court identifies a factual dispute . . . we consider only whether the district court correctly assessed the legal significance of the facts it deemed sufficiently supported for purposes of summary judgment." *Id.* at 331 (cleaned up). We do not evaluate "whether the evidence in the record would permit a jury to conclude that certain facts are true." *Id.*

(cleaned up). "The plaintiff bears the burden of negating qualified immunity, but all inferences are drawn in his favor." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation omitted).

In this case the district court appears to have misplaced the burden onto Defendants. In considering whether Defendants' conduct was objectively unreasonable, the district court relied on the absence of evidence to find there were genuine disputes of material fact.

As to Defendants Lewis and Lawton—who Frederick claims were responsible for calculating and changing his release date—the district court found "there [was] scarce, if any, evidence that demonstrates what Lewis and Lawton did or did not do when it comes to calculating Frederick's release date." *Frederick v. LeBlanc*, 563 F. Supp. 3d 527, 537–38 (M.D. La. Sept. 28, 2021). The district court denied Lewis and Lawton summary judgment because it found they did "not br[ing] forth competent summary judgment evidence establishing that there is no dispute as to [their] conduct, let alone whether the conduct [was] shielded by qualified immunity." *Id.* at 538. It did so despite noting it could "scarcely conclude that a Defendant's conduct was objectively unreasonable without knowing what the conduct was." *Id.*

As to Defendants LeBlanc, Griffin, and Cooley—against whom Frederick brought claims of supervisory liability—the district court likewise relied on an absence of evidence to find genuine disputes of material fact. The district court opinion notes a "a dearth of evidence regarding the specific conduct of [Department] employees in this case that lead to Frederick's overdetention." *Id.* at 539. The district court found that "[i]t ha[d] not been established whether Mr. Frederick's detention resulted from a simple error in computation, from misapplication of state statutes, from deficient [Department] policies, from absent [Department] policies, from purposeful and retaliatory conduct, or some other series of events." *Id.* And

so, it "conclude[d] that the question of LeBlanc, Cooley, and Griffin's entitlement to qualified immunity cannot be resolved on the record before it." *Id.* at 539–40.

While the district court's analysis may accord with the usual standard at summary judgment, it doesn't accord with the standard as it applies when rebutting a qualified immunity defense. Recall that here it's *Plaintiff* that "must show that there is a genuine dispute of material fact and that a jury could return a verdict entitling [him] to relief." *Joseph*, 981 F.3d at 330. *See also Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005) ("The plaintiff bears the burden of negating the [qualified immunity] defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."). But the district court's analysis doesn't address whether Frederick proffered evidence supporting a genuine dispute as to whether any of the Defendants' actions were objectively unreasonable. *See generally Frederick*, 563 F. Supp. 3d at 537–40. Though the district court is correct that it needn't independently search the record to identify factual disputes, *see id.* at 538, "[i]n the absence of an identification of summary judgment evidence relied upon, we cannot affirm the denial of qualified immunity." *Dean v. Phatak*, 911 F.3d 286, 290 (5th Cir. 2018) (vacating and remanding where the district court's order cited allegations without reference to record evidence).

"Ideally, the district court's order denying summary judgment based on qualified immunity explains what facts the plaintiff may be able to prove at trial." *Thompson v. Upshurt Cnty.*, 245 F.3d 447, 456 (5th Cir. 2001). When the district court fails to do this and denies the motion because fact issues remain, "[w]e can either scour the record and determine what facts the plaintiff may be able to prove at trial and proceed to resolve the legal issues, or remand so that the district court can clarify the order." *Id.* Here we think that both deference to the district court and our limited jurisdiction

counsel that we decline to search the record further. *See Dean*, 911 F.3d at 290. *See also Poole*, 13 F.4th at 423 (noting limits on our jurisdiction).

Given the lack of findings drawn from the summary judgment record to support the district court's denial of qualified immunity, we decline to embark on our own analysis of the record. *Cf. Dean*, 911 F.3d at 290 (vacating and remanding to the district court to reconsider the motion for summary judgment and noting that "[i]f the record fails of facts upon which a reasonable jury could conclude that [defendant intentionally carried out the challenged conduct], the district court should grant" summary judgment for defendant); *White v Balderama*, 153 F.3d 237, 242 (5th Cir. 1998) (remanding where that was "more efficient" than scouring the record to discern material fact disputes).

Finally, because the qualified immunity defense available to state officials under § 1983 applies with equal force to Frederick's federal and state constitutional claims, this analysis applies to the state constitutional claims as well. *See Burge v. Par. of St. Tammy*, 187 F.3d 452, 482 (5th Cir. 1999) ("[O]rders premised on the denial of qualified immunity in actions based on Louisiana constitutional violation are appealable in a federal court action to the same extent as district court orders premised on the denial of federal qualified immunity."). *See also Moresi v. State ex rel. Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1093 (La. 1990) ("The same factors that compelled the United States Supreme Court to recognize a qualified good faith immunity for state officers under § 1983 require us to recognize a similar immunity for them under any action arising from the state constitution.").

## C.

Defendants also argue the district court erred because Frederick's claims are *Heck*-barred. Because we remand on the qualified immunity issue, we don't reach the *Heck* issue. *Cf. Colvin v. Leblanc*, 2 F.4th 494, 498–99

(5th Cir. 2021) (reaffirming that the *Heck*-bar is not jurisdictional). *See also Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022) (noting that *Heck* isn't a jurisdictional bar).

* * *

We vacate and remand the district court's order denying Defendants Lewis and Lawton qualified immunity and denying Defendants LeBlanc, Griffin, and Cooley qualified immunity on the supervisory liability claims.