# United States Court of Appeals for the Fifth Circuit

_____

No. 23-50055
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2023

Lyle W. Cayce
Clerk

Willie Fennell, Jr.,

*Plaintiff—Appellant*,

*versus*

Sally Hernandez, *Travis County Sheriff*; Malissa Eldridge; Jeremy Sylestine; FNU LNU, *Arresting Officer*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-948

_____

Before King, Haynes, and Graves, *Circuit Judges*.
Per Curiam:[*]

Willie Fennell, Texas prisoner # 2224292, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that his appointed defense counsel, various police officers, and the state prosecutor violated his federal constitutional and state rights by failing to take him before a magistrate judge within 48 hours after his arrest and thereafter

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

subjecting him to false imprisonment, malicious prosecution, abuse of process, and falsification of official records. The district court dismissed Fennell's instant complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because he had raised the same factual allegations and claims previously. Alternatively, the district court dismissed Fennell's complaint on other grounds, including that the prosecutor was entitled to absolute immunity and Fennell's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Although Fennell's claims were duplicative of those raised in an earlier complaint, we will rely on the district court's alternative grounds for dismissal. We review the district court's dismissals based on absolute immunity and *Heck* de novo and, in doing so, we take the facts alleged in the complaint as true and view them in the light most favorable to Fennell. *Colvin v. LeBlanc*, 2 F.4th 494, 497 (5th Cir. 2021); *Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990). Prosecutors enjoy absolute immunity from suit for actions performed within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420-24, 431 (1976). Because Fennell challenged the prosecutor's actions in his role as an advocate for the State, the district court correctly determined that the prosecutor was entitled to absolute immunity. Moreover, although *Heck* was one of the bases for the district court's dismissal of Fennell's complaint, Fennell does not specifically address *Heck* on appeal. He has therefore waived this issue by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In any event, our examination of Fennell's claims show that the district court did not err by holding that they were barred under *Heck*.

Accordingly, the district court's judgment is AFFIRMED.